## ALFRED E. HANCHETT *vs.* MARTIN B. BASSETT.

A declaration in trespass alleged in one count that the defendant set a dog on the plaintiff, and in another that the defendant assaulted the plaintiff and beat and wounded him. The defendant pleaded the general issue, with notice that he should prove that the plaintiff was making a violent assault on the defendant's son, and that he set the dog on the plaintiff as the only means of defending his son, and that if the plaintiff was hurt it was in consequence of his assault on the son and in the necessary defense of his son by the defendant.

Held that this notice was applicable to the count for an assault by the defendant personally, and not merely to the count relating to the setting on of the dog, and that the defendant under it might prove a justification for his personal assault on the plaintiff.

TRESPASS, brought to the Superior Court in New Haven county. There were three counts, one of which charged that the defendant set a dog upon the plaintiff which attacked and bit him, another that the defendant was the keeper of a dog which attacked and injured the plaintiff and for which the defendant was liable under the statute, and a third that the defendant made an assault on the plaintiff and beat and wounded him. The defendant pleaded the general issue, which was closed to the court, with the following notice.

" The plaintiff will take notice that the defendant will, if the same should become necessary to his defense, offer evidence to prove that the plaintiff, at the time and place in the declaration mentioned, with force and arms made an assault upon the body of Frederick H. Bassett, the son of the defendant, and would have wounded and killed the said Frederick, if the defendant had not immediately defended him, and that the defendant did there and then defend him ; and whilst the plaintiff was bruising, mangling, and killing the said Frederick, did, in order to save his life, and as the only means of so doing, set said dog upon the plaintiff a little, and said dog did a little bite and wound the plaintiff, but no more than was absolutely necessary in order to cause the plaintiff to desist from the further beating and wounding of said Frederick, as he the defendant lawfully might do as the father of the said Frederick ; and that, if any hurt happened to the plaintiff, the same was occasioned by the assault so made by him upon the said Frederick, and in the necessary defense of said Frederick against the plaintiff ; which are the same supposed trespasses whereof the plaintiff in his declaration has complained."

The case was tried before *Phelps, J.,* who found that the only assault made by the defendant upon the plaintiff was in raising a shovel over the head of the latter as if to strike him, and that this was done in defense of his son, whom the plaintiff was violently assaulting and beating, and to save his son

from great bodily injury. The plaintiff thereupon claimed that as the defendant in his notice had not set up any justification of the assault with the shovel, but only of the setting of the dog on the plaintiff, and as he admitted the assault made with the shovel, he, the plaintiff, was entitled to recover for this assault, although judgment should be rendered for the defendant on the other counts. But the court did not so decide, but held the notice sufficient for a proof of a justification for the assault with a shovel, and rendered judgment on the whole case for the defendant. The plaintiff thereupon moved for a new trial.

*Doolittle*, in support of the motion, cited 1 Chitty Pl., 501 ; *Bush* v. *Parker*, 1 Bing. N. C., 72 ; *Stammers* v. *Yearsley*, 10 Bing., 35.

*Wright*, contra, cited *Elliott* v. *Brown*, 2 Wend., 497.

CARPENTER, J.   The finding of the court pretty effectually disposes of the first and second counts in the declaration. The third count is for an assault and battery generally. In respect to this count, the court found that the defendant, "in defense of his son, Frederick H. Bassett, whom the plaintiff was then and there violently assaulting and beating, to save his said son from great bodily injury, raised a shovel over the head of the plaintiff, as if to strike him."

It is conceded that the defendant was justified in doing the acts complained of, but it is claimed that the pleadings do not lay the foundation for the introduction of evidence to prove a justification of the assault charged in this count. We think this claim is not well founded. The notice seems to be broad enough to answer the whole declaration. It meets the first and second counts specifically ; and if all the allegations referring to those counts were stricken out, the remaining allegations, when proved, would be a perfect defense to the third count. The acts complained of are stated in that count in the most general manner. We think it com-

petent for the defendant in his notice to state in the same manner that whatever was done by him ¡was done in the necessary defense of his son.

A new trial must be refused.

In this opinion the other judges concurred.